## Robert B. Woodworth *v.* His Creditors.

Where the insolvent institutes proceedings for a voluntary surrender, and his creditors fail to attend the meeting, it is his duty to apply to the court, at once, to appoint the sheriff syndic. The ten days within which actions of fraud may be brought against him, are to be counted from the day of the appointment of the sheriff.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Durant* and *Horner*, for plaintiff. *T. Wharton Collens*, for defendants. By the court:*

Rost, J. On the 3d of November, 1849, the plaintiff instituted proceedings for a *cessio bonorum*. The court ordered a meeting of his creditors, to take

---

* *Slidell*, J., absent.

place on the 15th of that month, to deliberate on his affairs and appoint a syndic. None of the creditors appeared before the notary, who certified that fact to the court on the 20th of November.

No action was had by the court upon that certificate, and things remained in that situation until the 3d of March, 1852, when *Duncan N. Hennen*, one of the creditors, appealed to the court, by petition, stating these facts, and praying that the sheriff might be authorized to receive the property surrendered, and appointed to perform the functions of syndic. The appointment was made, and within the ten days which followed, three of the creditors filed their petition, charging the insolvent with having fraudulently concealed his property at the time of the surrender, and praying for his arrest, on the ground that they had strong reasons to believe and fear that he was about to avail himself of the stay of proceedings ordered, to keep his person and property from his creditors. Upon affidavit of these and other facts, and of the grounds of their belief, the order of arrest was issued and executed, and the insolvent gave bonds. His counsel then moved to set aside the order of arrest, on various grounds. The insolvent has appealed from the judgment discharging the rule.

It is urged in behalf of the appellant, that the accusation of fraud came too late, more than ten days having expired after the day appointed for the meeting of the creditors, when the petition was filed; and the case of *Caldwell* v. *Bloomfield*, 2 L. R. 503, is relied on in support of that position.

The two cases are not identical. *Bloomfield* was in actual custody. Upon the certificate of the notary, that none of his creditors had attended the meeting, the judge had appointed the sheriff syndic to receive the surrender, and several months had elapsed after that appointment, when the insolvent went out of the prison limits. As no opposition had been made by any creditor, within the ten days which followed the appointment of the sheriff as syndic, the insolvent was protected by the 27th section of the Act of 1817, and it is clear that there had been no breach of the prison limits.

*Woodworth* was not in actual custody, but had instituted proceedings for a voluntary surrender. When he found that none of his creditors had attended the meeting, it was his duty to have applied to the court, at once, to appoint the sheriff syndic, so that he might surrender to him the property ceded. Instead of this, he retained the property and never moved in the matter. While things were thus kept by him in that incomplete state, there was no legal surrender, and the ten days within which actions of fraud may be brought against insolvents, had not begun to run. Under the express provision of the 27th section of the Act of 1817, the ten days were to be counted from the day of the appointment of the sheriff as syndic, on the application of *Mr. Hennen*; and, as this proceeding was instituted within the ten days which followed that appointment, the ground that the opposition came too late cannot be sustained.

The affidavit for the arrest contains all the requisites necessary, under article 223 of the Code of Practice. The district judge was of opinion that the truth of it had not been successfully impeached, and a careful perusal of the evidence has not brought us to a different conclusion.

Judgment affirmed, with costs.